UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SECOND STREET CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EXCEPTIONAL INNOVATION, INC., an Ohio corporation; QUADRIGA AMERICAS, LLC, an Arizona limited liability company; LG ELECTRONICS U.S.A., INC., a Delaware corporation; DOES 1-6, inclusive,<br><br>Defendants. | Case No. 2:16-CV-05889-PSG (ASx)<br>*Hon. Philip S. Gutierrez*<br>*Magistrate Hon. Alka Sagar*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date: August 22, 2017<br>Complaint Filed: August 8, 2016 |

| | |
|---|---|
| 1 | **1. A. <u>PURPOSES AND LIMITATIONS</u>** |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, sensitive personal/private information, and/or other proprietary or confidential information for which special protection from public disclosure and from use for any purpose other than prosecution and/or defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, proprietary technical information regarding specific electronics and technology platforms, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), sensitive personal/private information, information otherwise generally unavailable to the public, and/or other information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case

decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>:  a Party or non-party that designates

information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys' Eyes Only."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Attorneys' Eyes Only."

2.8 <u>Outside Counsel</u>: Attorneys (as well as their support staffs) who are retained to represent or advise a Party in this Action.

2.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant. Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.11 <u>Action</u>: the above-captioned pending lawsuit in the United States District Court for the Central District of California, entitled *Second Street Corporation v. Exceptional Innovation, Inc., et al.*; Case No. 2:16-CV-05889-PSG (ASx).

2.12 <u>"Attorneys' Eyes Only" Information or Items</u>: information or items that qualify as "Confidential" and are a subset of Protected Material, whose

disclosure to another party or non-party would create a substantial risk of serious injury by the disclosure of trade secrets or other confidential technical, financial, personal, or medical information, whose disclosure requires more stringent protection than that provided for "Confidential" Information or Items, and whose protection cannot be provided by less restrictive means.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter, "CONFIDENTIAL Legend") at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the appropriate CONFIDENTIAL Legend.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-Party offering or sponsoring the testimony identify all portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either (1) on the record, before the close of the deposition, hearing, or other proceeding, or (2) within fourteen days after receipt of

STIPULATED PROTECTIVE ORDER

1 the deposition transcript. Only those portions of the testimony that are appropriately
2 designated for protection as described herein shall be covered by the provisions of
3 this Stipulated Protective Order.

Transcript pages containing Protected Material designated during the deposition, hearing, or other proceeding must be separately bound by the court reporter, who must affix to the top of each such page the appropriate CONFIDENTIAL Legend, as instructed by the Party or non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate CONFIDENTIAL Legend. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material is initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Procedure For Challenging Designation</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so by the procedure set forth in Local Rule 37. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel and in-house counsel, as well as employees of said Outside Counsel and in-house counsel to whom it is reasonably necessary to disclose the information for this Action;

      (b)    the officers, directors, and employees (including in-house counsel) of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses, and attorneys for those witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witnesses and their attorneys will not be permitted to keep any Protected Material after the deposition unless they sign the "Agreement to Be Bound by Protective Order" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author and recipients of the document or the original source of the information; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.2 <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel and in-house

counsel, as well as employees of said Outside Counsel and in-house counsel to whom it is reasonably necessary to disclose the information for this Action;

 (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

 (c) the Court and its personnel;

 (d) court reporters and their staff;

 (e)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

 (f) during their depositions, witnesses, and attorneys for those witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witnesses and their attorneys will not be permitted to keep any Protected Material after the deposition, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

 (g) the author and recipients of the document or the original source of the information; and

 (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.** **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in

this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing promptly after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. <u>FILING PROTECTED MATERIAL</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

-10-
STIPULATED PROTECTIVE ORDER

public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

## 11. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 <u>Inadvertent Production of Privileged Documents</u>:  If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all

[REST OF PAGE INTENTIONALLY BLANK]

such copies to the Producing Party. Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 20, 2017

BROWNE GEORGE ROSS LLP
    Keith J. Wesley
    Lori Sambol Brody

By    */s/ Lori Sambol Brody*
    Lori Sambol Brody
Attorneys for Defendants Exceptional Innovation, Inc. and Quadriga Americas, LLC

*Pursuant to Local Rule 5-4.3.4(a)(2)(i), counsel for Exceptional Innovation, Inc. and Quadriga Americas, LLC, Lori Sambol Brody, certifies that the undersigned counsel have each authorized the placement of his/her electronic signature on, and the filing of, this document.

DATED: April 20, 2017

MITCHELL SILBERBERG & KNUPP LLP
    Jeffrey L. Richardson
    Andrew C. Spitser

By    */s/ Andrew C. Spitser*
    Andrew C. Spitser
Attorneys for Plaintiff
Second Street Corporation

DATED: April 20, 2017

HUGHES HUBBARD & REED, LLP
    Rita M. Haeusler
    Gaurav Reddy

By    */s/ Rita M. Haeusler*
    Rita M. Haeusler
Attorneys for Defendant
LG Electronics U.S.A., Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 20, 2017

/S/ Alka Sagar
Hon. Alka Sagar
United States Magistrate Judge

-13-
STIPULATED PROTECTIVE ORDER

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Second Street Corporation vs. Exceptional Innovation, Inc., et al.*, Case No. 2:16-cv-05889-PSG (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____

# PROOF OF SERVICE

**Second Street Corporation, et al. v. Exceptional Innovation, Inc., et al.
USDC, Central District of California – Case No. 2:16-cv-05889-PSG(ASx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On April 20, 2017, I served true copies of the following document(s) described as **STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 20, 2017, at Los Angeles, California.

/s/ *Lynne Burns*
Lynne Burns

---

STIPULATED PROTECTIVE ORDER

# SERVICE LIST

*Second Street Corporation, et al. v. Exceptional Innovation, Inc., et al.*
**USDC, Central District of California – Case No. 2:16-cv-05889-PSG(ASx)**

| | |
|---|---|
| Jeffrey L. Richardson<br>Andrew C. Spitser<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>Tel: (310)312-2000<br>Fax: (310)312-3100<br>Email: acs@msk.com<br>jlr@msk.com | Attorneys for Plaintiff<br>Second Street Corporation |
| Rita M. Haeusler<br>Gaurav Reddy<br>HUGHES HUBBARD & REED LLP<br>350 S. Grand Ave., 36th Floor<br>Los Angeles, CA 90071<br>Tel: (213)613-2800<br>Fax: (213)613-2950<br>Email: rita.haeusler@hugheshubbard.com<br>gaurav.reddy@hugheshubbard.com | Attorneys for Defendants<br>LG Electronics; and USA, Inc. |